Edward J. Nell v. Commissioner.
Nell v. Commissioner
Docket No. 107448.
United States Tax Court
1942 Tax Ct. Memo LEXIS 98; 1 T.C.M. (CCH) 48; T.C.M. (RIA) 42586; November 6, 1942
*98 Clark J. Milliron, Esq., 518 Fidelity Bldg., Los Angeles, Calif., for the petitioner. Harry I. Horrow, Esq., for the respondent. STERNHAGEN Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiencies in petitioner's income taxes: 1925
$ 471.52
1926
4,227.40
1927
228.74
1928
6,623.43
1929
1,670.78
1930
574.77
1931
35.61 Petitioner, a United States citizen resident in the Philippine Islands, contends (1) that he is not taxable under the United States income tax laws in effect in the respective years, and that the Commissioner has no authority to determine, assess or collect an income tax from him; and, in the alternative, (2) that assessment is barred by the statute of limitations; (3) that the income was community property, taxable half to him and half to his wife; (4) that inadequate amounts were allowed as credits for taxes paid to the Philippine government. The facts are all stipulated and the stipulation is hereby made part of these findings. Findings of Fact Petitioner is a citizen of the United States and a resident of Manila, Philippine Islands. In 1919 he was married in California to a citizen of the United States, and *99 he and his wife have since lived together, residing in Hawaii until 1921 and in the Philippine Islands thereafter. For 1925-1931, inclusive, income tax returns on forms of the Philippine government were filed by petitioner with the Philippine Collector of Internal Revenue at Manila. These returns were prepared and filed on or before March 1st, as provided by Act No. 2833, as amended, of the Philippine Legislature. Petitioner paid to the Philippine Collector the following taxes shown due on them as filed or as amended: 1925, $430.09; 1926, $8,576.72; 1927, $399.19; 1928, $2,685.88; 1929, $364.41; 1930, $561.57; 1931, $12.90. Petitioner's net income was entirely from sources within the Philippine Islands. Petitioner's wife had no separate income and filed no separate returns with the Philippine Collector at Manila. On March 31, 1939, petitioner and his wife each filed with the Collector at Baltimore, Maryland, a separate income tax return, Form 1040, for each of the years 1925-1931, and each reported one-half the income. Attached to these returns were statements showing all the items of income, deductions and other data contained in petitioner's Philippine returns. The Commissioner *100 recomputed petitioner's taxable income for each of the years 1925-1931 by including in income the one-half reported by the wife and by making other adjustments. The determinations include items of income and deductions which were not included in the net incomes on which petitioner paid taxes to the Philippine Collector at Manila, and exclude other items that were. These differences are stipulated in detail. Among the items not included by the Commissioner in petitioner's taxable income are salaries received from Edward J. Nell Company, as follows: 1925, $7,500; 1926, $7,800; 1927, $7,800; 1928, $3,900. Petitioner's net incomes as determined by the Commissioner and his net incomes as reported by him on his returns, on which taxes were paid to the Philippine Collector at Manila, were as follows: Year
Determined
Reported
1925
$20,033.74
$ 27,420.00
1926
77,552.70
156,792.94
1927
16,351.50
23,599.19
1928
77,518.44
69,854.13
1929
33,070.72
29,576.32
1930
23,086.82
26,470.70
1931
8,333.96
7,580.51 In determining petitioner's income taxes for the years 1925-1931, the Commissioner allowed as credits on account of taxes paid to the Philippine Collector at Manila *101 amounts "computed by allocating the amount of said taxes in the proportion in which the net income in respect of which said taxes were paid was determined by respondent to be included in the net income held to be taxable to the petitioner by respondent, as set forth in his deficiency notice." Opinion STERNHAGEN, J.: The petitioner, a citizen of the United States residing and domiciled in the Philippine Islands, derived all his income during the taxable years 1925-1931 from sources in the Philippines. For those years he filed returns on Philippine forms with the Philippine Collector at Manila, and paid the tax shown thereon to that collector. Not until 1939 did he file returns upon United States forms with the Collector at Baltimore. The Commissioner of Internal Revenue determined deficiencies for the years in question, and gave the petitioner credit for a proportionate amount of the taxes paid to the Philippine Collector. 1. The petitioner's primary argument is that he is not liable to the taxes imposed by the revenue statutes later than the Revenue Act of 1917. He insists that United States citizens resident in the Philippines are subject only to the income tax imposed by the Revenue *102 Act of 1916, and the superseding laws of the Philippine Legislature. The contention has been made and rejected in ; ; , dismissed C.C.A. 9, September 22, 1942. The petitioner says that each of these decisions "does not correctly state the law" and that each "should be overruled or disregarded." We have with great care considered the elaborate argument made to support the contention, and have assumed arguendo that it presents considerations which were omitted from thought in the earlier decisions; but we are unable to reach a different conclusion even if we were more disposed than we are to shake the force of those opinions. This proceeding is reviewable by the same court as decided , and if the foundations of that decision are to be reconsidered, that can more appropriately be done by that Court than here. The petitioner, even though he was in each of the taxable years a resident of the Philippines, was, like all other citizens *103 of the United States, subject to the taxes imposed by the United States revenue act effective for the year in question. Since the deficiencies in question are for the years 1925 to 1931, inclusive, it may be added to the rationale of , that in the revenue acts beginning with the Revenue Act of 1921, Congress has so far recognized that citizens of the United States resident in the Philippine Islands were subject to the taxes imposed by the United States revenue acts (cf. ) that it deemed it desirable to enact section 262 in the Revenue Acts of 1921, 1924, and 1926, and section 251 in the Revenue Act of 1928, wherein it was expressly provided that a citizen of the United States was taxable under the revenue act only upon a limited net income if certain prescribed conditions were satisfied. This indicates clearly that during the taxable years in question the United States citizen residing in the Philippines, instead of being per se free from any of the income tax imposed by theunited States revenue acts, was, by virtue of his citizenship, liable to such tax, but only *104 to the extent remaining after the application of section 262. Cf. The petitioner's argument that no one but the local tax authorities of the Philippine Islands is authorized to administer and collect the taxes imposed upon residents of the Philippines, even though they be citizens of the United States, and that therefore the respondent's determination of deficiency upon which this proceeding is based must be set aside as unauthorized and hence a nullity, is an argument which must be rejected as inherently inconsistent with the general rule that United States citizens residing in the Philippines are subject to the taxes imposed by the United States revenue acts. Although, to the extent that Congress prescribes, as it did in the Revenue Act of 1916, the income taxes of United States citizens may be assessable and collectible by the local authorities, this is subordinate to the general statutory provision that the Commissioner of Internal Revenue has general superintendence of the assessment and collection of all taxes imposed by any internal revenue law, section 321 R.S., 13 Stat. 223; Int. Rev. Code, section 3901. 2. Petitioner, *105 having filed Philippine returns in due time with the Philippine government and paid his taxes under the Philippine statutes, did not file any returns for the years in question under the United States revenue acts until March 31, 1939, when he filed such returns with the Collector at Baltimore, Maryland. He now pleads the five-year statute of limitations, which he applies to the filing of the Philippine returns. The Commissioner's determination was made within the statutory period after the filing of the United States returns on March 31, 1939. The petitioner's argument that the statutory period begins to run with the filing of the Philippine returns falls with his general argument that his United States taxes for the years in question are administrable under the Philippine laws, and we hold that the deficiencies are not barred by the statute of limitations. ; cf. . 3. The Commissioner determined that petitioner's income shall include all the income of the conjugal partnership and that none of it may be excluded as attributable to the wife. The petitioner, relying *106 principally upon , insists that the income of the conjugal partnership is taxable half and half to the spouses, like community income in California. We see no escape from that view consistently with the decision in the Cadwallader case, which adopted Gibbs v. Government, 59 P.I. 293, as controlling, and held that the gross estate of a deceased husband domiciled in the Philippines included only half the conjugal property. Petitioner was domiciled in Manila and is therefore unlike a United States citizen residing in New York and having property rights in the Philippines, cf. N.E. (2) 849. The determination was in error in including in petitioner's income more than one-half the income of the conjugal partnership. 4. Since the petitioner's income is entirely from sources in the Philippines, he claims a foreign tax credit each year of the full amount of tax paid for such year to the Philippine government. The Commissioner has allowed credit of only a proportionate amount of the Philippine tax. The applicable *107 statutory provisions are section 222 of the Revenue Acts of 1924 and 1926 and section 131 of the Revenue Act of 1928. The same question has recently been considered in (on review C.C.A. 9), and it was held that the taxpayer in similar circumstances was entitled to credit of the entire Philippine tax. The Commissioner was in error in allowing the petitioner credit for less than the entire amount of Philippine tax paid by him for each year. Decision will be entered under Rule 50.